## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **DONEVEN S. BAILEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 5:14-12865** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **VICKI GREENE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees. (Document No. 1.) Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees be denied and this matter be dismissed.

### FACTUAL BACKGROUND

On March 21, 2014, Plaintiff, acting *pro se*, filed a Complaint claiming entitlement to relief under 42 U.S.C. §1983.[1] (Document No. 3.) Plaintiff names the following as Defendants: (1) Vicki Greene, Jail Administrator; and (2) Steven D. Canterbury, Administrative Director of the Office of the Courts. (Id.) Plaintiff alleges that the above Defendants subjected him to false imprisonment. (Id.) Plaintiff explains that on February 2, 2012, he was arrested on State charges in Raleigh County, West Virginia. (Id., p. 4.) Plaintiff states that he was held in custody at the Southern

---

[1]  Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Regional Jail. (Id.) Plaintiff contends that during a bond reduction hearing conducted on May 30, 2012, Public Defender Gary Frasher informed Plaintiff that all State charges had been dismissed due to his Federal Indictment. (Id.) Plaintiff, however, complains that he was held in custody "with no detainer against [him] until June 6, 2012."[2] (Id., pp. 4 - 6.) Plaintiff acknowledges that on June 6, 2012, he was "ordered detained by Federal Magistrate VanDervort." (Id., p. 6.) Plaintiff, therefore, contends that he was "illegally detained for 34 days with no State or Federal charges pending against [him]." (Id.) As relief, Plaintiff requests monetary damages in the amount of $35,000. (Id.)

As Exhibits, Plaintiff attaches the following: (1) A copy of a Plaintiff's "Motion to Reduce Bond" as filed in the Circuit Court of Raleigh County (Id., pp. 9 - 10.); (2) A copy of a Notice filed in the Circuit Court of Raleigh County indicating that the Motion to Reduce Bond Hearing was scheduled for May 24, 2012 (Id., pp. 11 - 12.); (3) A copy of the Transport Order as filed in the Circuit Court of Raleigh County regarding the May 24, 2012, hearing (Id., pp. 13 - 14.); (4) A copy of a Notice filed in the Circuit Court of Raleigh County indicating that the Motion to Reduce Bond Hearing was rescheduled for May 30, 2012 (Id., pp. 15 - 16.); (5) A copy of the Transport Order as filed in the Circuit Court of Raleigh County regarding the May 30, 2012, hearing (Id., pp. 17 - 18.); (6) A copy of the Dismissal Order as filed in the Circuit Court of Raleigh County on May 2, 2012 (Id., pp. 19 - 20.); (7) A copy of a letter dated December 18, 2012, from the Clerk of

---

[2]   The record reveals that Plaintiff appeared before United States Magistrate Judge R. Clarke VanDervort on June 1, 2012, for an Initial Appearance pursuant to the Plaintiff's arrest on an Indictment. (Criminal Action 5:12-00089, Document No. 16.) Upon consideration of the Motion for Detention Hearing filed by the United States (Id., Document No. 13), Judge VanDervort granted the Motion and scheduled the Detention Hearing for June 5, 2012. (Id., Document Nos. 16 and 17.) The record further reveals that following the Initial Appearance, Plaintiff was remanded to the custody of the United States Marshals Service pending further proceedings. (Id.)

the Court of the Southern District of West Virginia addressed to Plaintiff (Id., p. 21.); (8) A copy of the Docket Sheet from State v. Bailey, Case No. 12-B-96 (Id., p. 22.); and (9) A copy of the Docket Sheet from United States v. Bailey, Case No. 5:12-cr-00089 (Id., pp. 23 - 29.).

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy

3

for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

A Plaintiff must file a Section 1983 action within the prescribed time period. Because there is no federally prescribed statute of limitation, Courts look to and apply their respective State's statutes of limitation. See Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). The Fourth Circuit has recognized that "in the absence of any state statute of limitations specifically applicable to suits to redress a violation of civil rights, the West Virginia limitation on personal injury actions applies." McCausland v. Mason County Bd. of Ed., 649 F.2d 278 (4th Cir. 1981), cert. denied, 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981). Under West Virginia law, the applicable period of limitation upon a plaintiff's right to file a personal injury is two-years from the time the cause of action accrued. See W.Va. Code § 55-2-12(b).[3] The applicable period of limitations for a claim of false imprisonment is one-year. Wilt v. State Auto. Mut. Ins. Co., 203 W.Va. 165, 506 S.E.2d 608, 613 (1998); also see Snodgrass v. Sisson's Mobile Home Sales, Inc., 161 W.Va. 588, 244 S.E.2d 321 (1978). Although the limitation period is borrowed from State

---

[3]   West Virginia Code § 55-2-12 provides as follows:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

4

law, the question of when a cause of action accrues is answered according to federal law. See Brooks v. City of Winston-Salem, NC, 85 F.3d 178, 181 (4th Cir. 1996). Under federal law, a cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, MD House of Corr., 64 F.3d 951, 955 (4th Cir. 1995)(*en banc*), cert. denied, 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996)(citing United States v. Kubrick, 444 U.S. 111, 122-24, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)). "Accrual of a claim does not 'await awareness by the plaintiff that his injury was negligently inflicted.'" Nasim, 64 F.3d at 955 (quoting, Childers Oil Co., Inc. v. Exxon Corp., 960 F.2d 1265, 1272 (4th Cir. 1992)). Accordingly, for a Section 1983 action, "a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice -- e.g., by the knowledge of the fact of injury and who caused it -- to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." Nasim, 64 F.3d at 955. To determine when a plaintiff possessed knowledge of his injury, the Court "may look to the common-law cause of action most closely analogous to the constitutional right at stake as an 'appropriate starting point.'" Brooks, 85 F.3d at 181 (citations omitted).

Plaintiff's Complaint alleges that he was unlawfully detained in violation of his constitutional rights because there was no Federal detainer and he was held in State custody following the dismissal of his State charges. A Section 1983 claim for false arrest and false imprisonment accrues when the claimant is detained pursuant to legal process.[4] Wallace v. Kato, 549 U.S.384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007)(holding "that the statute of limitations

---

[4]   The Supreme Court noted that "[f]alse arrest and false imprisonment overlap; the former is a species of the later." *Wallace*, 127 S.Ct. at 1095.

upon a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."); Smith v. Allred, 2016 WL 1274593, * 8 (S.D.W.Va. March 31, 2016)(J. Copenhaver)([S]ection 1983 claims for wrongful arrest do not accrue until the individual is released or his detention becomes lawful.") Even if one ignores the State proceedings in Raleigh County and considers only the criminal proceedings against Plaintiff in this Court, the record clearly reveals that Plaintiff was held pursuant to legal process when he was arrested on May 30, 2012.[5] Accordingly, by applying the West Virginia one-year statute of limitation, together with the federal standard of accrual, the undersigned finds that Plaintiff's cause of action for false arrest expired on May 30, 2013, one-year from the date Plaintiff was detained pursuant to legal process. Plaintiff filed his instant Complaint on March 21, 2014. Accordingly, Plaintiff's Complaint should be dismissed because the one-year statute of limitations has run as to Plaintiff's claim of false imprisonment.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1), **DISMISS** Plaintiff's Complaint (Document No. 3), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is

---

[5]   The record reveals that Plaintiff was charged in a four-Count Indictment filed in this Court on April 17, 2012. (Criminal Action No. 5:12-000089-1, Document No. 1.) On the same day, an arrest warrant for Plaintiff was issued by the Court. (*Id.*, Document No. 4.) The arrest warrant was returned executed on May 30, 2012. (*Id.*, Document No. 22.)

hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: September 23, 2016.

Omar J. Aboulhosn
United States Magistrate Judge